UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-14097-KMM

IVETTE ARCE,

    Plaintiff,
v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security Administration,[1]

    Defendant.
                                 /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Ivette Arce's ("Plaintiff") Motion for Summary Judgment. ("P's Mot.") (ECF No. 15). Defendant Kilolo Kijakazi, Commissioner of Social Security Administration, ("Defendant") filed a Cross Motion for Summary Judgment and response. (ECF No. 18). The Court referred the above-captioned cause to the Honorable Shaniek M. Maynard, United States Magistrate Judge, "for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." (ECF No. 2). Magistrate Judge Maynard issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED, Defendant's Motion be GRANTED, and the decision of the Commissioner be AFFIRMED. ("R&R") (ECF No. 2254). Plaintiff filed objections to the R&R, ("Objs.") (ECF No. 26), and Defendant responded, (ECF No. 27). The matter is now ripe for review. As set forth below the Court ADOPTS the R&R.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Andrew Saul as the Defendant. No further action need be taken to continue this suit consistent with the Social Security Act. *See* 42 U.S.C. § 405(g).

I.  **BACKGROUND**

This case arises from an Administrative Law Judge's ("ALJ") denial of Plaintiff's application for disability insurance benefits. R&R at 1–2. The record for Plaintiff's application has been filed on the docket. ("Administrative Record") (ECF No. 12).[2]

On March 27, 2018, Plaintiff applied for disability insurance benefits. *Id*. On September 4, 2020, the ALJ issued a ruling finding Plaintiff was not disabled from March 18, 2018, through the date of the decision. R. 10–29. On December 22, 2020, the Appeals Council denied Plaintiff's timely request for review, making the ALJ's decision the final decision of the Commissioner. R. 1–5. Plaintiff has exhausted her administrative remedies and now seeks judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g).

The R&R described at length the five-step procedure that an ALJ is required to undertake while evaluating whether a claimant is disabled, and therefore entitled to disability insurance benefits. R&R at 5–7. The ALJ's analysis in determining whether Plaintiff is disabled was described in the R&R as follows:

> The ALJ in this case proceeded through the five-step analysis as follows: At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. R. 13. At step two, the ALJ found that Plaintiff had the following severe impairments: herniated cervical discs, status-post anterior cervical discectomy, and fusion; status-post lumbar discectomy; status-post right total hip replacement and obesity.[3] *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment in the Listings. R. 18–19. As a predicate to step four, the ALJ found that Plaintiff had the RFC to perform work at the sedentary level with the following additional limitations: lift/carry 10 pounds occasionally, less than 10 pounds frequently, stand and/or walk for 2 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, frequently climb ramps and stairs, balance, stoop, kneel, crouch, and reach in any direction

---

[2] References to "R." are to pages of the transcript of the Administrative Record.
[3] As discussed *infra*, the ALJ also noted that Plaintiff had been diagnosed with hypertension, cystocele, vitamin D deficiency, iron deficiency anemia, depressive disorder and anxiety disorder but did not find these impairments to be severe. R. 13.

> with her right upper extremity, and occasionally climb ladders, ropes, and scaffolds and crawl. R. 19, 26. The ALJ further determined that Plaintiff must avoid concentrated exposure to extreme cold, vibration, and hazards. R. 19. At step four, based on testimony from a vocational expert ("VE"), the ALJ found that Plaintiff could not perform her past relevant work as a stock clerk or corrections officer. R. 27. The ALJ proceeded to step five and determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. R. 28. Specifically, based upon testimony from the VE, which the ALJ found to be consistent with information in the Dictionary of Occupational Titles ("DOT"),[4] the ALJ determined that Plaintiff could perform the requirements of: (1) Order Clerk with 100,000 positions in the national economy; (2) Telephone Information Clerk with 60,000 positions in the national economy; and (3) Charge Account Clerk with 35,000 positions in the national economy. R. 28–29. Therefore, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Social Security Act from March 31, 2018, through the date of the decision. R. 29.

R&R at 8–9.

Plaintiff raised three arguments in her Motion as to why this case should be remanded to the ALJ for further proceedings: (1) the SSA's alleged unconstitutional removal provision voids the ALJ's decision; (2) the ALJ's Residual Functional Capacity ("RFC") assessment is not supported by the substantial evidence of the record because it contains no corresponding mental limitations; and (3) the VE's testimony does not constitute "substantial evidence" upon which the ALJ could properly rely. *See generally* P's Mot. At oral argument and thereafter, Plaintiff withdrew arguments 1 and 3. *See* DE 20 and DE 21. Accordingly, the R&R, and this Order, only address Plaintiff's second argument.

---

[4] The Social Security Administration primarily relies upon the DOT for "information about the requirements of work in the national economy . . . at steps 4 and 5 of the sequential evaluation process." SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). *See also* 20 C.F.R. § 416.966 (explaining that the Social Security Administration takes administrative notice of reliable job information, including the DOT). Information about the DOT, which was last updated in 1991 is provided on the website of the U.S. Department of Labor, Office of Administrative Law Judges ("OALJ"), including a list of sources for obtaining copies of it. OALJ, http://www.oalj.dol.gov/libdot htm, last visited Aug. 10, 2022. As OALJ explains, the DOT "was developed in response to the demand . . . for standardized occupational information to support job placement activities." OALJ, http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTINTRO.HTM, last visited Aug. 10, 2022.

In the R&R, Magistrate Judge Maynard recommends that Plaintiff's Motion be denied, and the Defendant's Motion be granted. R&R at 22. Now, Plaintiff filed Objections to the R&R, and Defendant filed a Response. *See generally* Objs.; Objs. Resp.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Where a party makes a proper objection, the Court reviews *de novo* the ALJ's final decision. Judicial review of an ALJ's final decision is limited to whether the ALJ's "conclusion, as a whole, was supported by substantial evidence in the record." *Dyer*, 395 F.3d at 1210 (citing *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (citing 42 U.S.C. § 405(g)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" *Id*. (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted)). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id*. (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004)). "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Mitchell v. Comm'r of Soc. Sec*, 771 F.3d 780, 782 (11th Cir. 2014) (citing

*Dyer*, 395 F.3d at 1211). However, while "[a]n ALJ is not required to refer specifically to each piece of evidence in the record, [the ALJ] must sufficiently explain the weight given to 'obviously probative exhibits.'" *Cooper*, 521 F. App'x at 808 (citing *Cowart*, 662 F.2d at 735).

In contrast, clear error review is required where a party fails to make a proper objection. A party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.").

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 1:17-CV-24263-UU, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.   DISCUSSION

In the R&R, Magistrate Judge Maynard recommends denying Plaintiff's Motion and granting Defendant's Motion because: (1) the ALJ's determination is supported by substantial

evidence, R&R at 15; (2) Plaintiff fails to demonstrate that she has any limitations in her capacity to work as a result of her mental disorders, *id*. at 18; (3) Plaintiff's case is distinguishable from *Schnick v. Comm'r of Soc. Sec.,* 935 F.3d 1245, 1268 (11th Cir. 2019) (*per curiam*), *id*.; (4) Plaintiff incorrectly asserts that the ALJ relied exclusively on Dr. Hernandez' opinion in finding that Plaintiff had no work-related mental limitations, *id*. at 19; (5) error, if any, by the ALJ in not specifically stating how persuasive she found Dr. Hernandez' opinion to be is harmless, *id*. at 21.

The Court now turns to the statements and objections that Plaintiff raises in her Objections to the R&R. First, Plaintiff states that she "maintains that the ALJ's RFC assessment is not supported by substantial evidence because it contains no limitations corresponding to Plaintiff's mental limitations." P's Mot. at 1. Plaintiff also states that she "maintains that the ALJ should have conducted a function-by-function analysis of her mental impairments in determining her RFC." *Id*. at 2. Yet, these are not specific objections to the R&R, nor does Plaintiff even reference the Magistrate Judge's findings regarding these statements. These are not "proper, specific objection[s]" to factual findings contained in the report. *Macort*, 208 F. App'x at 784. Accordingly, a clear error review is appropriate and here. The Court finds no clear error with the R&R's findings that (1) the RFC assessment is supported by substantial evidence, and (2) the ALJ was not required to conduct a function-by-function analysis of Plaintiff's mental impairments in determining Plaintiff's RFC. To the extent these statements are objections, they are dismissed.

Plaintiff objects to Magistrate Judge Maynard's statement that "Plaintiff has offered no legal support for her position that a reviewing state agency consultant must perform a function-by-function analysis." P's Mot. at 3. Plaintiff states that she "extensively cited to SSR 96-8p in her motion for summary judgment and at the hearing." *Id*. Plaintiff is incorrect. Social Security Ruling 96-8p requires that the *ALJ* must perform a function-by-function analysis, not that a state

6

agency consultant, such as Dr. Hernandez, must perform a function-by-function analysis. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184; *Severance-Lopez v. Comm'r of Soc. Sec.*, No. 19-CV-282-ORL-22-DCI, 2020 WL 1181949, at *4 (M.D. Fla. Mar. 12, 2020). This objection is dismissed.

Plaintiff next objects to Magistrate Judge Maynard's conclusion that error, if any, by the ALJ in not specifically stating how persuasive she found Dr. Hernandez' opinion' is harmless. Objs. at 4. As the R&R notes, an ALJ assesses the persuasiveness of a medical source's opinions considering five factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff, including the length, frequency, and purpose of the examining relationship; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 CFR §§ 404.1520c(c); 416.920c(a)–(c). Of these factors, supportability and consistency are the most important, and the ALJ must explain its consideration of supportability and consistency in the decision. 20 CFR §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability refers to the extent to which a medical source has articulated support for his or her own opinion, while consistency refers to the relationship between the source's opinion and other evidence in the medical record.

As the R&R points out, Plaintiff herself conceded that the ALJ notes—on at least four separate occasions—that the ALJ's findings are consistent with Dr Hernandez' opinion, implying that the ALJ found Dr. Hernandez' opinion persuasive as it was consistent with the ALJ's conclusion. R&R at 20. Because the ALJ found that Dr. Hernandez' report was consistent with, and supported by, the evidence of the record, the Court agrees with the Magistrate Judge's finding that any failure by the ALJ to state how persuasive she found Dr. Hernandez' report is harmless. This objection is dismissed.

Plaintiff also argues that Magistrate Judge Maynard "did not acknowledge two separate Notices of Supplemental Authority, which were submitted by [Plaintiff] post-hearing and to which the commissioner never responded." R&R at 4. Plaintiff, however, cites to no authority requiring Magistrate Judge Maynard to acknowledge such authority. Nor is the Court aware of any requirement. This objection is dismissed.

Plaintiff next objects to Magistrate Judge Maynard's statements that "the ALJ reviewed the record evidence and concluded that [Plaintiff's depression and anxiety] cause no more than minimal work functional limitations." Mot. at 6. Plaintiff also objects to the R&R's statement that "[t]he ALJ further noted Plaintiff's records indicated no treatment for a mental disorder other than Valium prescribed during an emergency room visit." *Id*. To the extent that Plaintiff objects to the R&R, such an objection is denied. Magistrate Judge Maynard correctly restates the ALJ's findings and cites to the pages of the Administrative Record where the ALJ makes these findings. While Plaintiff appears to use this as an opportunity to object to the ALJ's underlying findings, this is not the appropriate forum to make such an objection.

Plaintiff objects to Magistrate Judge Maynard's finding that the ALJ's decision is supported by the substantial evidence of the record. Mot. at 7. The Court disagrees. The R&R includes a thorough analysis of the evidence in the record. *See generally* R&R. The Court agrees with the R&R's conclusion that the "ALJ's findings regarding Plaintiff's mental limitations are supported by substantial evidence, including citations to relevant medical evidence, Plaintiff's consultative exams, Plaintiff's self-reports, and Plaintiff's ability to perform various activities of daily living. R&R at 19. This objection is dismissed.

Lastly, Plaintiff argues that Magistrate Judge Maynard "improperly relied on several of the ALJ's criticisms of Dr. Williams's evaluation. Mot. at 7. Plaintiff states that the R&R "relies on

the ALJ's baseless conclusion" regarding Dr. Williams's evaluation. *Id*. Yet Plaintiff makes no argument as to why Magistrate Judge Maynard should not rely on the ALJ's conclusion. Nor can the Court find a reason why such reliance is improper. Plaintiff merely seems to disagree with the Magistrate Judge's reliance on the ALJ's findings because Plaintiff does not like the contents of those findings. This objection is dismissed.

IV. **CONCLUSION**

Accordingly, UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that:

1. Magistrate Judge Maynard's Report and Recommendation (ECF No. 25) is ADOPTED.
2. Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgement (ECF No. 18) is GRANTED, and the Commissioner's Decision is AFFIRMED.
3. This case is DISMISSED WITH PREJUDICE.
4. The Clerk of Court is INSTRUCTED to CLOSE this case.
5. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 14th day of February, 2023.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record